

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

\LD C. MANN
RNEY GENERAL

February 25, 1939

Hon. R. L. Daniel
Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-268
Re: Can the Grand Lodge of Colored Knights
of Pythias of Texas reduce the benefit
of all flat rate policies from $500.00
to $200.00 by virtue of its by-laws
and the resolution described?

Your request for an opinion on the above stated
question has been received by this office.

We quote the recommendation of the committee,
adopted by the Grand Lodge of Colored Knights of Pythias
of Texas on June 6, 1936, which reads as follows:

"After careful consideration of the facts
and figures disclosed by the financial state-
ment covering the past two years and taking in
consideration the death losses in comparison
with the contributions of flat rate members to
the Mortuary Fund and realizing that based upon
these contributions and losses for the past
twenty years, it is impossible for the Grand
Lodge to continue to promise the amount of in-
surance offered in our policies to Flat Rate
Members, but that the cost of such insurance is
greatly in excess of the premiums now being
paid by this class of members. Therefore we
recommend: That in order to reconcile this
difference an Impairment Rider of $300.00 be
placed upon each policy held by Flat Rate Mem-
bers as an assessment to bring up his deficiency
accumulated through past years by reason of his

inadequate premium payment. This $300.00
Impairment Lien shall cancel all existing
liens and assessments placed against those
policies held by Flat Rate Members. That
there shall be no increase or reduction in
the rate now paid by the Flat Rate Member,
but that it shall remain as is."

The statutes defining and specifically regulat-
ing fraternal benefit societies now in force are contained
in chapter 8 of the Revised Civil Statutes, 1925, Articles
4820-4859e.

Article 4849 reads, in part, as follows:

"Each society shall be held to be legal-
ly solvent so long as the funds in its poss-
ession are equal to or in excess of its matured
liabilities.....The laws of such society shall
provide that if the stated periodical contri-
butions of the members are insufficient to pay
all matured death and disability claims in full,
and to provide for the creation and maintenance
of the funds required by its laws additional,
increased or extra rates of contribution shall
be collected from the members to meet such de-
ficiency; and such laws may provide that, upon
the written application or consent of the mem-
ber, his certificate may be charged with its
proportion of any deficiency disclosed by
valuation, with interest not exceeding five
per centum per annum."

The by-laws of the organization lawfully adopt-
ed provide:

"Assessments and other payments may be
levied by the Grand Lodge upon the members of
the Endowment Department to meet deficiency
in the endowment fund and said assessments
shall be levied in the manner provided by the
fraternal beneficiary laws of the State of
Texas."

The power of a beneficial association to require
payment of dues and assessments is ordinarily conferred
by its constitution and by-laws and under some circum-

stances the amount of dues or assessments may be increased. It is firmly established that a beneficial association may validly increase its rates or assessments and authority to increase is sometimes expressly reserved in the constitution. Whether or not rates shall be increased is a matter of determination by the governing body of the society and, if the increase is reasonable, such determination will not be interfered with. The manner in which an increase may be made or secured is likewise left to the reasonable discretion of the governing body. Citing Supreme Lodge Knights of Pythias vs. Mimms, 167 SW 835; Wirtz vs. Sovereign W. O. W., 268 SW 438.

The internal affairs of fraternal benefit societies are usually governed by the constitution and by-laws. By-laws should in all material respects be reasonable and should not embody a repudiation of benefit certificates issued prior to their enactment. Citing Supreme Counsel vs. Battle, 79 SW 829; Matkin vs. Supreme Lodge Knights of Honor, 18 SW 306; Tex. Jur.Vol. 6, page 404.

The case, Amarillo Mutual Benevolent Association vs. Franklin et al, 33 SW (2nd) 859 holds, in effect, that mutual aid associations are not authorized to change contract so as to impair benefits to which insured was entitled under policy.

In passing upon a similar question in the case, Rockwell vs. Knights Templar and Masonic Mutual Aid Association, 119 New York, Supp. 515, the court used the following language:

"Every corporation has a right to make and change its by-laws in a manner not inconsistent with law and such right does not give it the power to change its written contract or impose upon a party contracting with it obligations which were never assumed."

Beneficial associations may amend their constitution and by-laws at will, provided the amendments do not violate the Federal Constitution or the laws of the State or do not, without his consent, deprive a member of the substantial right conferred by his certificate or contract of insurance and provided also the amendments are reason-

able. Citing Supreme Lodge Knights of Pythias vs. Wilson, 204 SW 891; Tex. Jur., Vol. 6, page 406.

We are unable to find any statute or decision authorizing any fraternal benefit societies to reduce the benefit of their policies as set forth in your inquiry. We do not believe that such reduction would be __ reasonable in this instance.

You are respectfully advised that it is the opinion of this Department that the Grand Lodge of Colored Knights of Pythias cannot reduce the benefit of all flat rate policies from $500.00 to $200.00 by virtue of its by-laws and the resolution hereinabove described.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS